RICHARDSON *vs.* THE CITY OF BROOKLYN.

In an action by the holder of a certificate issued by the city of Brooklyn, which stated that there would be due to B. or P. or order, from the city, on the contract for grading and paving W. avenue, $2000, payable on surrender of the certificate when the assessment for said improvement should have been collected and paid into the city treasury ; *Held* that it was erroneous for the judge to instruct the jury that they might regard the certificate as a contract on the part of the city to advance a portion of the money in advance of the completion of the work ; and that if they thought, from the evidence, the corporation had not caused due diligence to be used in collecting the assessment, whereby the assessment had not been collected, sufficient to pay the plaintiff's claim, the plaintiff was entitled to a verdict.

APPEAL from a judgment of the city court of Brooklyn. The opinion of the court contains the material facts.

*D. P. Barnard,* for the plaintiff.

*Alexander McCue,* for the defendant.

*By the Court,* BROWN, J. The plaintiff is the holder and assignee of a certificate issued by the defendant to James Bennett or R. P. Perrin, cashier, or order, for work done by the former on a contract for grading and paving Washington avenue in the city of Brooklyn. The certificate is in the words following :

" No. 713. $2000. This certifies that there will be due from the city of Brooklyn to James Bennett or R. P. Perrin, cashier, or order, on contract for Washington avenue grading and paving from Douglas street to city line, the sum of two thousand dollars, payable upon surrender of this certificate when the assessment for said improvements shall have been collected and paid into the city treasury.

In witness whereof, these presents are executed this 17th day of December, 1855.        GEORGE HALL, Mayor.

S. J. BURR, Assistant City Clerk.

Countersigned, WILLIAM B. LEWIS, Comptroller."        [L. S.]

The form of the action is for negligence in not collecting the assessments out of which the certificate was payable, with reasonable diligence.

At the trial in the city court of Brooklyn, the plaintiff produced and proved the certificate, with its delivery over to him duly indorsed by the payees. He also proved and produced the contract in writing between James Bennett, the contractor, and the common council, for grading and paving the street. Also a demand of payment from the street commissioner and comptroller of the city, before the commencement of the action, and that there was no money in the hands of the comptroller for its payment. Also the assessment roll for the improvement, which was confirmed by the common council June 5th, 1854, with a resolution of the latter, passed January 25th, 1855, requiring the collector of taxes and assessments to cause to be published once in every three months a list of the unpaid assessments. The plaintiff then rested.

The defendant moved for a nonsuit, on the ground that the proof did not establish the laches of the defendant, which motion was denied. It was then proved that in October, 1855, the whole property charged with the expenses of the improvement was regularly advertised for sale and sold. All the lots or parcels, except twelve in number, were sold to bona fide purchasers; and these twelve lots were struck off, at the sale, to James Bennett, the contractor, as purchaser, who did not pay

the purchase money. It was also proved that the street commis-sioner was then proceeding to sell, for the unpaid assessments, the twelve lots bid in by Bennett, which unpaid assessments with the expenses amounted to the sum of $4500. This closed the evidence on both sides.

In the case of *Beard* v. *The City of Brooklyn*, decided at this term, I have fully expressed my views of the duties, obli-gations and liabilities of municipal corporations, and of the rights of contractors, under circumstances similar to those dis-closed by the evidence in this action, and I need not repeat them here. The proof of negligence on the part of the city in this action is certainly very slight, and hardly sufficient to sustain a recovery. It is not with the merits that I propose to deal now, for there must, I think, be a new trial for misdi-rection of the court.

The certificate is not negotiable paper. It is payable to one of the two persons therein named, but is not for the payment of money absolutely. Nor is it to pay at a given time. It certifies, not that there is due, but that there will be due, to the persons named, from the city of Brooklyn, on the contract for Washington avenue grading and paving, $2000, payable on surrender of the certificate when the assessments for said improvement shall have been collected and paid into the city treasury. Yet in the face of this plain and explicit written dec-laration of the makers of the certificate that it was payable only when the assessments for the Washington avenue improve-ment were collected and paid into the city treasury, the jury were directed that they might regard it as a contract on the part of the city to advance a portion of the money in advance of the completion of the work, and if they thought from the evidence the defendant had not used due diligence in collect-ing the assessments, whereby they had not collected sufficient to pay the plaintiff's claim, the plaintiff was entitled to a verdict. To this part of the charge the defendant excepted, and I think the exception well taken. It was an error to tell the jury they might regard the contract to be other or different

from that expressed upon the face of the certificate. And when in the same paragraph or sentence they were also told to determine the question of due diligence in collecting the assessments, they could not fail to determine it in reference to a contract " to advance a portion of the money in advance of the completion of the work." It will be remembered, in this connection, that the certificate is for $2000, and the sum with the expenses charged upon the twelve parcels purchased by Bennett, the contractor, before the certificate was issued and for which he did not pay, amounts to about (the witness says) $4500. No jury could possibly have found the absence of due diligence, or the presence of negligence, without reference to " a contract on the part of the city to advance a portion of the money in advance of the completion of the work."

For these reasons I think the judgment should be reversed and a new trial granted, with costs to abide the event.

[KINGS GENERAL TERM, February 13, 1860. *Lott*, *Emott* and *Brown*, Justices.]